UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-52-KAC-JEM |
| BERNARD ALLEN WILSON, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Allen's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 26], which he filed on December 17, 2025.

Defendant asks the Court to continue the December 29, 2025, plea deadline and the January 27, 2026, trial date by approximately 120 days [*Id.* at 2]. In support of his motion, Defendant asserts that he filed a Motion to Suppress, which is scheduled for hearing by the Court on January 14, 2026 [*Id.* ¶ 2]. Defendant states that after the hearing, and the following Report and Recommendation, the parties need time to respond, and Defendant needs additional time to consider options for his case, to include potential plea discussions or trial preparation, after receiving a ruling on his suppression motion [*Id.*]. Defendant states that he is detained in Laurel County, Kentucky, which makes meetings with counsel and preparation difficult to complete within the current case timeline [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose extending deadlines in this case [*Id.* ¶ 5]. Defendant Wilson understands the time between the filing of the motion and his new trial date will be excludable under the Speedy Trial Act [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to litigate the pending Motion to Suppress and to engage in plea negotiations and/or trial preparations depending on the outcome of the motion. *See id.* § 3161(h)(1)(D), (H). The Court finds that all of this cannot occur before January 27, 2026, trial date.

The Court therefore **GRANTS** Defendant Bernard Wilson's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 26**]. The date for the trial is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Bernard Wilson's Motion to Continue Plea Deadline and Trial Date [**Doc. 26**] is **GRANTED**;

(2) the trial date is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 17, 2025**, and the new trial date of **May 5, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the parties shall appear before the undersigned for a suppression hearing on **January 14, 2026, at 1:30 p.m.**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 6, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
_____
Jill E. McCook
United States Magistrate Judge