UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BERNARD ALLEN WILSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>No. 3:25-CR-52-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Bernard Allen Wilson's Unopposed Motion to Continue Trial [Doc. 51], which he filed on September 30, 2026.

Defendant Wilson asks the Court to continue the trial date in his case [*Id.*]. In support, Defendant states he has pending objections to the undersigned's Report and Recommendation regarding his motion to suppress evidence [*Id.* ¶ 5]. Defendant explains that the Court's ruling on his objections is "highly material" to his case evaluation, trial preparation, and the ongoing plea negotiations between the parties [*Id.* ¶¶ 5–6]. Defendant states the parties need additional time for the ruling and for his counsel to properly advise Defendant on how the ruling impacts his trial posture [*Id.* ¶ 6]. Defendant also states a continuance will allow him sufficient time to make a fully informed decision regarding a potential plea or to adequately prepare for trial [*Id.* ¶ 10]. Defendant waives his speedy trial rights in connection with his requested continuance [*Id.* ¶ 8]. Defendant also states that the Government does not oppose his request [*Id.* ¶ 11].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel and counsel for the Government need additional time to await the Court's decision on his objections to the Report and Recommendation [Doc. 30] on Defendant's motion to suppress, continue working toward a resolution, and, if necessary, prepare for trial. The Court finds that this cannot occur before the October 20, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial [**Doc. 51**]. The trial date is reset to **January 12, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 30, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial [**Doc. 51**] is **GRANTED**;

(2) the trial date is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 30, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(5) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 5, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 4, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge